UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PORTS AMERICA GULFPORT, INC.     CIVIL ACTION

VERSUS     NO. 22-455

HONORABLE RACHAEL JOHNSON, ET AL.     SECTION "R" (1)

## ORDER AND REASONS

Plaintiff Ports America Gulfport, Inc. ("Ports America") moves for a preliminary injunction of ongoing state proceedings against it in the Civil District Court for the Parish of Orleans.[1] Defendant Judge Rachael Johnson opposes the motion.[2] For the following reasons, the Court denies the motion.

## I.   BACKGROUND

Plaintiff Ports America is a defendant in a Louisiana state-court case, captioned *Ehlers, et al. v Ports America Gulfport, Inc.*, bearing case number 2021-2151. In the state case, plaintiffs allege that the decedent, on whose behalf they bring suit, contracted and died from mesothelioma as a result of exposure to asbestos while working as a longshoreman for Ports America.[3]

---

1     R. Doc. 3.
2     R. Doc. 31.
3     R. Doc. 13 at 1-2; R. Doc. 13-3 at 30 ¶ 2.B.7.

The state trial is set to begin on March 21, 2022.[4] Ports America moved in state court for summary judgment, on the grounds that section 905(a) of the Longshore Harbor Workers' Compensation Act ("LHWCA") preempted plaintiffs' state tort claims against it.[5] On February 17, 2022, Judge Rachael Johnson denied Ports America's motion.[6]

Five days later, Ports America filed suit against Judge Johnson in this Court, seeking declaratory and injunctive relief.[7] Ports America asks this Court to: (1) "[d]eclare that the state tort remedies sought by [the state] plaintiffs . . . are in conflict with prevailing federal law," and "are preempted and supplanted by the exclusive rights and remedies afforded by the LHCWA"; and (2) enjoin the state proceedings, and the enforcement of any final judgment rendered on the merits against Ports America.[8]

Ports America simultaneously moved for a preliminary injunction of the state proceedings, and enforcement of any final state-court judgment.[9] The Court considers the motion below.

---

4  R. Doc. 13-4 (Notice of Trial).
5  R. Doc. 25 ¶ 17 (Amended Complaint).
6  *Id.*
7  R. Doc. 1.
8  R. Doc. 25 at 14-15 (Amended Complaint).
9  R. Docs. 3, 13 & 28.

2

## II.  DISCUSSION

A preliminary injunction is an "extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009).  A party can obtain a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or the temporary restraining order will not disserve the public interest.  *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  The party seeking the preliminary injunction bears the burden of persuasion on all four requirements.  *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

Because no facts are in dispute, and because Ports America has not introduced evidence "sufficient to justify granting [its] motion," the Court denies Ports America's motion for a preliminary injunction without holding a hearing.  *Anderson*, 556 F.3d at 360.

### A.  Likelihood of Success on the Merits

Ports America has not shown that it meets the requirements for the issuance of a preliminary injunction.  First, its claims are unlikely to succeed

3

on the merits. For starters, the relief that it seeks is likely precluded by the Anti-Injunction Act. Under the Anti-Injunction Act, a federal court may not enjoin proceedings in state court. 28 U.S.C. § 2283; Erwin Chemerinsky, Federal Jurisdiction § 11.2 (8th ed. 2021). There are only three exceptions to this prohibition: an injunction may issue if it (1) has been "expressly authorized" by Congress, (2) is "necessary in aid of" the federal court's jurisdiction, or (3) serves to "protect or effectuate" the federal court's judgments. 28 U.S.C. § 2283. The second exception applies only when a case is removed from state to federal court, or when the federal court acquires jurisdiction over a case involving the disposition of real property. Chemerinsky § 11.2.3. Neither scenario is presented here, so the second exception does not apply. Nor does the third. This Court has issued no judgments in, or related to, these proceedings that it needs to "protect or effectuate." 28 U.S.C. § 2283.

Accordingly, the Court considers only the first exception to the Anti-Injunction Act: whether the injunction that Ports America seeks is "expressly authorized" by Congress. Ports America contends in its complaint and preliminary-injunction memoranda that the LHWCA constitutes an expressly authorized exception to the Anti-Injunction Act.[10] This assertion—

---

10   R. Doc. 25 ¶¶ 24-29; R. Doc. 13 at 4-5; R. Doc. 28 at 8-14.

which is the sole basis of Ports America's claim that it meets an exception to the Anti-Injunction Act—is wrong. As the Supreme Court has explained, "in order to qualify as an 'expressly authorized' exception to the anti-injunction statute, an Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a state court proceeding." *Mitchum v. Foster*, 407 U.S. 225, 237 (1972). Accordingly, a mere "claim of federal preemption—even one which is unmistakably clear—is not within any of the exceptions . . . and hence does not suffice to authorize an injunction of state court proceedings." *Tex. Emps.' Ins. Ass'n v. Jackson*, 862 F.2d 491, 498 (5th Cir. 1988).

For these reasons, the Fifth Circuit has rejected the proposition that the LHWCA's exclusivity provision in section 905(a) satisfies the express-authorization exception to the Anti-Injunction Act. The court explained that "nothing in section [905(a)] purports to grant anyone a right or remedy 'enforceable in a federal court of equity.'" *Id.* at 504. While section 905(a) "may indeed provide a basis for [the employer's] claims that [the] state law claims are preempted by the LHWCA, . . . that does not suffice to avoid the bar of section 2283." *Id.* Instead, "when a state proceeding presents a federal issue, even a pre-emption issue, the proper course is to seek resolution of

that issue by the state court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 149-50 (1988). Accordingly, the Court finds that Ports America is unlikely to succeed in obtaining an injunction of the ongoing state proceedings.

Ports America also seeks an injunction of "the enforcement of any final judgment on the merits that might be rendered against Ports America" in the state proceeding.[11] The Court assumes that movant seeks this relief in the alternative; if the state proceedings were enjoined, no judgment would be rendered. In any case, this relief is likely unavailable as well. As an initial matter, no such judgment has been rendered. To prospectively enjoin the entry of any such judgment would be tantamount to enjoining the ongoing state proceedings, which, for the reasons given, is prohibited by the Anti-Injunction Act.

Moreover, the Court is unable to enjoin the "enforcement" of a judgment that does not yet exist. The relief that Ports America seeks at this stage is purely hypothetical. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) (noting that, given "the hypothetical nature of the relief sought," an order granting the injunction sought "would have been an order 'hanging in the air,' ready to become effective only if the [defendant] took one of several possible future

---

[11]  R. Doc. 3 at 1.

6

actions"); *Zen-Noh Grain Corp. v. Leggett*, No. 09-282, 2009 WL 961253, at *5 (E.D. La. Apr. 7, 2009) (denying injunctive relief because plaintiff's claim "turn[ed] on hypothetical, contingent events").

In any case, this Court would likely not enjoin enforcement of an adverse judgment against Ports America, because the state court's enforcement of its own judgments falls squarely within the purview of the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), as extended by *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). Under *Younger*, federal courts must decline to exercise jurisdiction over a state defendants' claims when: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)) (internal quotation marks omitted). The Supreme Court has expressly held that *Younger* bars interference with a state judiciary's enforcement of its own orders and judgments. *Pennzoil Co.*, 481 U.S. at 14. As the Court explained, "[n]ot only would federal injunctions in such cases interfere with the

7

execution of state judgments, but they would . . . challenge the very process by which those judgments were obtained." *Id.*

Here, Ports America gives no reason for this Court to depart from the Supreme Court's holding in *Pennzoil*. The closest it comes to attempting a distinction from *Pennzoil* is its contention that the third *Younger* criterion—that the plaintiff have an "adequate opportunity in the state proceedings to raise constitutional challenges"—is not satisfied here, because Louisiana courts "have historically declined to weigh the federal interests invoked."[12] Specifically, Ports America contends that Louisiana courts continue to "deny[] the LHWCA the supremacy over state tort law that Congress intended."[13] This argument does not suffice. As the Supreme Court has explained, "the burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [its] claims.'" *Id.* (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)). Ports America has made no such showing. Its prediction that Louisiana courts will be inhospitable to its federal claims is insufficient to meet its burden of showing that it lacks an adequate opportunity to raise constitutional challenges in state court. The

---

[12] R. Doc. 28 at 17.
[13] *Id.*

8

Court finds that the three *Younger* criteria are satisfied, as to Ports America's request for an injunction of the enforcement of a state judgment.

If the three conditions for *Younger* abstention are met, "the 'doctrine requires that federal courts decline to exercise jurisdiction' over the lawsuit unless 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Blakely v. Andrade*, 360 F. Supp. 3d 453, 467 (N.D. Tex. 2019) (quoting *Bice*, 677 F.3d at 716). As to the exceptions, the Court may disregard the *Younger* doctrine when:

> (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004) (citations omitted). Ports America does not contend that it meets any of these three enumerated exceptions, and the Court does not find that any exception applies. Ports America is therefore unlikely to succeed on the merits of its claims seeking to enjoin or interfere with the enforcement of a state-court judgment.

For these reasons, the Court finds that Ports America has not shown a likelihood of success on the merits of its claims.

## B. Irreparable Harm

Moreover, Ports America has not demonstrated that it is subject to a substantial threat of irreparable harm if an injunction is not issued. *See* Wright & Miller, 11A Federal Practice & Procedure § 2948.1 (3d ed. 2021) ("Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm . . . ."). The Fifth Circuit has explained that "an injury is irreparable only if it cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citations omitted); *see also* Wright & Miller § 2948.1 ("[A] preliminary injunction usually will be denied if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief.").

Here, Ports America contends that, in the absence of an injunction, it "may be subjected to an exorbitant tort judgment," or "compelled to pay a significant settlement so as to avoid a runaway verdict."[14] Movant further asserts that it "has been and will continue to be forced to expend substantial amounts of money defending itself against claims for state law tort

---

[14] R. Doc. 13 at 2.

10

remedies."[15] But these asserted "harms" are merely the costs of being sued. The Court finds that the obligation to pay litigation expenses and a possible adverse judgment in state court is not an irreparable harm. Most obviously, Ports America may appeal any adverse judgment through the state court system, and, if needed, seek *certiorari* in the U.S. Supreme Court. Indeed, Ports America has already filed a notice of its intent to apply to the Louisiana Fourth Circuit Court of Appeal for an emergency supervisory writ regarding the trial court's denial of its summary-judgment motion.[16] It is therefore already pursuing the appropriate legal remedies in state court. *See Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weigh[s] heavily against a claim of irreparable harm." (quoting *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975))). Movant's concerns surrounding the costs of litigating and potentially losing in state court fall far short of the showing required for a preliminary injunction. *See Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single [lawsuit], could not by

---

15   *Id.*
16   R. Doc. 31-1 at 1.

11

themselves be considered 'irreparable' in the special legal sense of that term.").

### C. Public Interest

Finally, the Court finds that the public interest does not lie in having Ports America's motion for a preliminary injunction granted. On the contrary, the public interest is served by having cases and controversies disposed of in an orderly fashion, using the designated motions and appeals processes of the appropriate judicial system, with minimal friction between the state and federal judiciary. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) ("[Our] dual system could not function if state and federal courts were free to fight each other for control of a particular case."). An emergency request for federal-court intervention in state-court proceedings is generally not the proper vehicle for recourse for state litigants who are dissatisfied with their state-court rulings. Far from serving the public interest, if maneuvers like Ports America's were regularly entertained, litigants and jurists in state and federal courts alike would face an increase in unpredictable and disorderly litigation practice, introducing thorny legal issues—jurisdictional and otherwise—into even the most garden-variety cases where those questions are otherwise absent. In this

sense, issuing this preliminary injunction would undermine not only substantive principles of comity and federalism, but also the values of judicial economy and order. *See In re Rolls Royce Corp.*, 775 F.3d 671, 679 (5th Cir. 2014) (noting the "valued public interest in judicial economy"). And while Ports America is correct that the public has an interest in "ensuring the law is being applied properly,"[17] Ports America may pursue and protect that interest by continuing to litigate its claims in the state forum where the case is already pending. *See Chick Kam Choo*, 486 U.S. at 149-50 ("[W]hen a state proceeding presents a federal issue, . . . the proper course is to seek resolution of that issue by the state court.").

Because Ports America has not shown a substantial likelihood of success on the merits or a substantial threat of irreparable harm, and because an injunction would not serve the public interest, Ports America's motion for a preliminary injunction is denied. *See Bluefield*, 577 F.3d at 253 (cautioning that a preliminary injunction should not be granted unless the party seeking it has "'clearly carried the burden of persuasion' on all four requirements" (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir. 2003))).

---

17   R. Doc. 25 ¶ 23 (Amended Complaint).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion for a preliminary injunction.

New Orleans, Louisiana, this __11th__ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE