UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PORTS AMERICA GULFPORT, INC.　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　NO. 22-455

HONORABLE RACHAEL JOHNSON,　　　　　　　　　SECTION "R" (1)
ET AL.

## ORDER AND REASONS

Before the Court is defendant Judge Rachael Johnson's motion for sanctions pursuant to Fed. R. Civ. P. 11(c)(2).[1] Plaintiff Ports America Gulfport, Inc. ("Ports America") opposes the motion.[2] For the foregoing reasons, the Court denies defendant's motion.

## I.　BACKGROUND

Plaintiff Ports America was a defendant in a Louisiana state-court case, captioned *Ehlers, et al. v. Ports America Gulfport, Inc.*, bearing case number 2021-2151. In the state case, the plaintiffs alleged that the decedent, on whose behalf they brought suit, contracted and died from mesothelioma as a result of exposure to asbestos while working as a longshoreman for Ports America.[3] Ports America moved in state court for summary judgment, on

---

1　　R. Docs. 49.
2　　R. Doc. 51.
3　　R. Doc. 13 at 1-2; R. Doc. 13-3 at 30 ¶ 2.B.7.

the grounds that section 905(a) of the Longshore Harbor Workers' Compensation Act ("LHWCA") preempted the plaintiffs' state tort claims against it.[4] On February 17, 2022, Judge Rachael Johnson denied Ports America's motion.[5]

Five days later, Ports America filed suit against Judge Johnson in this Court, seeking declaratory and injunctive relief.[6] Ports America asked this Court to: (1) "[d]eclare that the state tort remedies sought by [the state] plaintiffs . . . are in conflict with prevailing federal law" and "are preempted and supplanted by the exclusive rights and remedies afforded by the LHCWA"; and (2) enjoin the state proceedings and the enforcement of any final judgment rendered on the merits against Ports America.[7]

Ports America simultaneously moved for a preliminary injunction of the state proceedings and of the enforcement of any final state-court judgment.[8] On March 11, 2022, the Court denied Ports America's motion, finding that: (i) it had not shown a likelihood of success on the merits; (ii) it

---

[4]  R. Doc. 25 ¶ 17 (Amended Complaint).
[5]  *Id.*
[6]  R. Doc. 1.
[7]  R. Doc. 25 at 14-15 (Amended Complaint).
[8]  R. Docs. 3, 13 & 28.

2

had not shown that it would suffer irreparable harm absent an injunction; and (iii) the public interest was not served by an injunction.[9]

On March 15, 2022, plaintiff filed a motion for voluntary partial dismissal of certain claims.[10] It represented that, because the Court found in its preliminary-injunction order that Ports America could not show that it meets an exception to the Anti-Injunction Act, it seeks to dismiss its claims for injunctive and declaratory relief "directed towards the ongoing state court suit."[11] Ports America sought to "reserve[] and retain[] its claims for prospective declaratory relief," namely its request that this Court declare, "prospective[ly] only," that "state tort remedies are preempted and supplanted by the LHWCA with respect to claims brought by employers where the LHWCA is applicable."[12] The Court subsequently granted defendant's motion to dismiss plaintiff's remaining claim in its March 17, 2022 Order and Reasons.

Defendant then moved for sanctions pursuant to Fed. R. Civ. P. 11(c) on March 23, 2022. She asserts that plaintiff should be sanctioned pursuant to Rule 11 because its claims lacked an adequate legal basis and were

---

[9]   R.Doc. 39.
[10]  R. Doc. 43.
[11]  *Id.* at 1.
[12]  *Id.*

3

therefore frivolous. Plaintiff opposes the motion. In the motion, defendant represents that plaintiff was served with a copy of the motion on February 28, 2022, which was over 21 days prior to the filing of the motion as required by Rule 11. Notably, the Court issued its Order and Reasons dismissing plaintiff's remaining claim on March 17, 2022, during the pendency of the 21-day "safe harbor" period.

The Court considers the motion below.

## II.   LEGAL STANDARD

Rule 11 provides that when an attorney submits a pleading to the court, she certifies to the best of her knowledge, information, and belief that (1) the pleading is not interposed for any improper purpose, such as harassment, unnecessary delay, or increased costs of litigation; (2) the pleading is warranted by existing law or a good faith argument for modification or reversal of existing law; and (3) the allegations and other factual contentions have evidentiary support, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b); *Childs v. State Farm Mutual Ins. Co.*, 29 F.3d 1018, 1023 (5th Cir. 1994); *American Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 529 (5th Cir. 1992). This means that an attorney must make a

reasonable inquiry into the facts and the law underlying a paper he or she submits to the court. *Mercury Air*, 237 F.3d at 548. The Court may impose appropriate sanctions, including attorneys' fees and costs, on an attorney who files a pleading in violation of Federal Rule of Civil Procedure 11. *See Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001). When a reasonable amount of research would have revealed that a party's position is groundless, Rule 11 sanctions are appropriate. *Jordaan v. Hall*, 275 F. Supp. 2d 778, 787 (N.D. Tex. 2003).

Rule 11 sets out strict procedural requirements for motions for sanctions. First, the motion must comply with the safe harbor provision of Rule 11. Specifically, the Rule contains a "safe harbor" provision that directs that a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the Court may prescribe), the challenged [pleading] is not withdrawn or appropriately corrected." Fed. R. Civ .P. 11(c)(1)(A). Furthermore, "[a] motion for sanctions under this rule shall be made separately from other motions or requests." *Id.*

## III. DISCUSSION

In their briefs, the parties' contentions center on whether plaintiff's legal assertions were frivolous such that Rule 11(c)(2) sanctions are warranted. But they do not address a key issue: that the Court issued an Order and Reasons dismissing plaintiff's complaint during the pendency of Rule 11's 21-day safe harbor period. Here, plaintiff voluntarily dismissed nearly all of its claims within the safe harbor period.[13] The Court then issued an Order and Reasons dismissing plaintiff's remaining claim on March 17, 2022, *before* the 21-day period had run.[14] The Court finds that sanctions are not warranted because the Court ruled on the offending contention during the 21-day safe harbor period.

Before analyzing the applicability of the safe harbor provision to the present case, it is worthwhile to consider how Rule 11 has changed in relatively recent history. In 1993, Rule 11 was amended to add, *inter alia*, a 21-day safe harbor provision. The current version of Rule 11(c)(2) reads as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but **it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.** If

---

[13]  R. Doc. 43.
[14]  R. Doc. 48.

> warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P 11(c)(2) (emphasis added).

Courts have since recognized that "[t]he addition of the safe harbor provision in the 1993 amendment to Rule 11 dramatically changed the effect that a final judgment or the dismissal of the claim has on the possibility of a Rule 11 proceeding." *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1377.2 (3d ed. 2004)). Now, a party has a 21-day window within which to withdraw or otherwise correct its offending representation. Sanctions cannot be imposed under Rule 11(c)(2) unless the procedural provisions of the rule, including the safe harbor requirement, are fully complied with. *See In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008) ("[W]e have continually held that strict compliance with Rule 11 is mandatory." (collecting cases)); *see also Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (describing the safe harbor provision as an "absolute requirement.").

The purpose of this safe harbor period is to "give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *see also*

7

*Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) (stating that Rule 11 "requires that the party submitting the challenged pleading be given an opportunity to withdraw the pleading"). It is for this reason that the safe harbor provision largely serves to protect the allegedly offending party and to prevent "litigating the merits or demerits of the offending pleading or motion, thus ending the matter." *Malbrough v. Kilpatrick & Stocktown, LLC*, No. 99-1683, 1999 WL 643663, at *2 (E.D. La. Aug. 23, 1999); *see also Martin v. Bravenec*, 627 F. App'x 310, 313 (5th Cir. 2015) (stating that the purpose of the safe harbor provision is "to provide a litigant the opportunity to withdraw challenged pleadings and thereby avoid sanctions."); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1377.2 (4th ed. 2022) ("The general purposes of the safe harbor provision include protecting litigants from sanctions whenever possible . . . and encouraging the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process."). Accordingly, "[i]f, and only if, 'the challenged paper, claim, defense, contention, or denial' is not 'withdrawn or appropriately corrected' within the 21-day period may the motion then 'be filed or presented to the court." *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016) (quoting Fed. R. Civ. P. 11(c)(2)).

This brings the Court to the present issue: the proper approach when a court rules on an offending contention during the safe harbor period. In light of the text, structure, and policies underlying Rule 11(c)(2), the Court is persuaded by the numerous out-of-circuit decisions which have held that "[i]f the court disposes of the offending contention before the twenty-one day 'safe harbor' period expires, a motion for sanctions cannot be filed with or presented to the court." *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997); *see also Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1346 (11th Cir. 2022) ("[I]f the court eliminates the opportunity to withdraw or correct the challenged filing by ruling on it before the safe harbor period expires . . . the sanctions motion cannot be filed."); *Howell v. Nesbit*, 149 F.3d 1168 (4th Cir. 1998) (overturning lower court's imposition of sanctions because the offending party "did not have the advantage of the [full] twenty-one day safe harbor provision"); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 875 (Fed. Cir. 2010) ("The general practice is that the motion must be filed before the offending contention has been withdrawn or resolved.").

In this case, because the Court ruled on the purportedly frivolous claim during the pendency of the safe harbor period, "the non-movant [was] not afforded the full safe harbor period during which the party can withdraw the offending claim, and the procedural requirements of Rule 11(c)(2) have not

been satisfied." *Van Tiem v. First Am. Home Warranty Corp.*, No. 18-458, 2021 WL 6775326, at *3 (E.D. Tex. May 12, 2021) (collecting cases). Once the Court ruled on plaintiff's purportedly frivolous contentions, there was "nothing left for the opposing party to withdraw or correct, and the 'policies and procedural protections' provided by Rule 11(c)(2) [could not] be given effect." *Margetis*, 666 F. App'x at 331 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed. 2016)). *See* 2 Moore's Federal Practice § 11.22 (2022) ("Rule 11 motions must be served at least a full 21 days before the court concludes the case or resolves the offending contention, because if the court disposes of the offending contention within the 21-day safe-harbor period after service, it becomes impossible under the provision of Rule 11(c)(2) to file the motion or otherwise present it to the court."); *see also Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000) (sanctions properly denied, in part, because Rule 11 motion was filed after trial's conclusion).

*Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016) does not suggest that a different outcome is warranted. In that case, the Fifth Circuit upheld the lower court's grant of a Rule 11 motion even though the Magistrate Judge issued a Report and Recommendation ("R&R") during the pendency of the safe harbor period. *Id.* But that case is inapposite, because

10

the R&R was objected to by the plaintiff, exhibiting a continued assertion of the frivolous claim and rendering the R&R a mere recommended ruling to be reviewed *de novo* by the court—which the Court eventually ruled on several months later. *Id.* Here, on the other hand, the Court conclusively dealt with plaintiff's assertion before the safe harbor period had run. Accordingly, defendant's motion is denied because plaintiff was not afforded the entire 21-day safe harbor period to withdraw its claims.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for sanctions.

New Orleans, Louisiana, this __3rd__ day of January, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE